UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

JOSEPH G. WILLIAMS, Jr. )
)
v. ) NO. 2:05-CV-99
)
SHERIFF WAYNE ANDERSON and the )
SULLIVAN COUNTY SHERIFF'S DEPT. )

# MEMORANDUM and ORDER

Joseph G. Williams, Jr., a state prisoner confined in the Sullivan County Detention Center (SCDC), brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $250.00. Accordingly, the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

- (a) twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust account;
  <u>or</u>
- (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on April 6, 2005. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the SCDC, to ensure full compliance with the fee-assessment procedures outlined above.

In his complaint, the plaintiff alleges four types of claims.[2] In the first one, he maintains that the SCDC is seriously overcrowded (by housing twice its stated

---

[1] Send the payments to:
          Clerk, USDC
          220 West Depot Street, Suite 220
          Greeneville, TN 37743

[2] Because the original handwritten complaint was unsigned and did not contain information essential to the screening process mandated in 28 U.S.C. § 1915A, the complaint was returned for the plaintiff's signature. Additionally, a form complaint was sent to the plaintiff so that he could provide information which was missing from the original complaint. The plaintiff responded by signing his original complaint, but only after modifying the claims raised therein, by striking through certain claims and adding a footnote containing other claims. The form complaint was also returned, along with a handwritten pleading titled "Amendment." The Court will consider information in the amendment and the form complaint which was not supplied in the original pleading and which is necessary for screening purposes, but will only consider those claims raised in the original complaint against the defendants named in that pleading. *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (A prisoner plaintiff proceeding *in forma pauperis* is not allowed to amend his complaint to avoid a sua sponte dismissal.).

capacity of 300 inmates; that his 16-person cell now houses 32 inmates; that the overcrowding creates a fire hazard and a health hazard; that raw sewage stands on the floors; that trash is scattered everywhere; that drinking cups are unsanitary; that noise is at an earsplitting level; that inmates are forced to sleep on the floor and have no room to sit down and eat; that, because of the overcrowding, tempers are short and violence erupts; and that, when a violent incident occurs, officers are unable to respond quickly because they cannot see what inmates are doing in their cells, and often arrive on the scene too late to help injured inmates. The plaintiff asserts that these overcrowded conditions violate his right to a safe and humane environment.

In his second claim, the plaintiff alleges that, sometimes, officers do not supply sick call request forms; that filing such a form is a prerequisite to receiving medical treatment; and that, many times, he has asked for sick call request form, but has been ignored by the officers.[3]

In his third claim, the plaintiff contends that he is not provided with adequate, nutritious meals. More specifically, he alleges that fruit is not served daily and that non-working inmates receive only a sandwich for lunch.

---

[3] This claim had been stricken from the original complaint when that pleading was returned by the plaintiff. Even if the Court did not consider this particular claim, however, it would not lead the Court to reach any different conclusion as to the disposition of this case.

His fourth claim concerns allegations that inmates only get recreation about once a week, which means that inmates are confined in their cells for 24 hours a day, unless they work or go to court.

As an initial matter, the plaintiff has requested that he either be released or transferred immediately to a state facility. His request for release relates to the fact or duration of his confinement and, if he is seeking an immediate or speedier release from that confinement, then his sole federal remedy with regard to such a claim lies in filing a petition for a writ of habeas corpus, *see Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973), after exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1).

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown,* 139 F.3d at 1104)).

In this case, the plaintiff maintains, in section II of the form complaint, that he filed grievances concerning the unsafe, hostile, volatile, and unsanitary environment, as well the lack of recreation and the inadequate diet, and that, when no relief was granted, he appealed the decisions. In the handwritten "Amendment," however, he explains that his first grievance was filed on May 9, 2005, and that it is not necessary to appeal the results because the overcrowded conditions were admitted. He has attached a copy of the grievance to his Amendment, as well as a grievance filed on the same day which involved his complaints about being furnished an inadequate and nutritionally-deficient diet.

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that

5

every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, U.S. App. LEXIS 7166, *4 (6th Cir. Apr. 27, 2005). Furthermore, a prisoner must exhaust his administrative remedies *before* filing a federal lawsuit and cannot exhaust these remedies during the pendency of the action. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

The Court has reviewed all of the plaintiff's allegations concerning the exhaustion issue and does not find that, at the time he filed his lawsuit on April 6, 2005, he had exhausted his administrative remedies as to the claims asserted in his complaint. A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE